**COMMONWEALTH of Kentucky,**
**Appellant,**

**v.**

**Louis A. LITZELSWOPE et al., Appellees.**

Court of Appeals of Kentucky.

May 23, 1975.

Rehearing Denied Oct. 3, 1975.

Ed Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Frank E. Haddad, Jr., Matthew B. Quinn, Jr., Louisville, for appellees.

GARDNER, Commissioner.

Appellees organized a committee for the purpose of furthering a political candidacy,

and were indicted for the failure to register with the Kentucky registry of election finance in violation of KRS 123.075 which provides:

"(1) Each committee organized, in whole or in part, for the purpose of furthering a political candidacy, shall register with the registry, by filing official notice of intention at the time of organization, giving names and addresses and positions of the officers of the organization and designating the candidate or candidates it is organized to support on forms prescribed by the registry.

"(2) All provisions of KRS 123.005 and 123.051 to 123.101 governing the duties and responsibilities of a candidate or campaign treasurer shall apply to a registered committee."

The committee received and disbursed funds for political candidates from August 1972, until February 1974, four months before appellees were indicted. The circuit court dismissed the indictment, relying on KRS 123.991(4) which provides:

"Prosecution for violation of any provision of KRS 123.005 or 123.051 to 123.101, shall not be commenced after one year has elapsed from the date of the violation."

Appellees assert that the statute " * * states that all committees must, 'at the time of organization,' register with the appropriate state bureau," and a violation of the statute could occur only once, namely, at the time of the committee's organization. Under this interpretation the organizing of the committee and the committee's registering must be simultaneous, so that there would be no organized committee until it registered. The logical conclusion of this reasoning is that no prosecution could be maintained under this section since the only organized committee would be a registered committee.

We believe the language of the statute reveals that the intent of the legislature was to require a committee to register before conducting business, and every time it conducted business without being registered the members were in violation of KRS 123.075(1). Since the committee was still disbursing funds on February 14, 1974, prosecution under the indictment of May 2, 1974, was not barred by the limitation statute (KRS 123.991(4)).

The law is so certified.

All concur.